1:19-cv-538

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE EANESISD-VK DOE** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **C.A. No. _____** |
| **EANES INDEPENDENT SCHOOL** | § | |
| **DISTRICT** | § | |
| **Defendant** | § | |
| | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE EASNESISD-VK DOE**" to file her "Plaintiff's Original Complaint" as follows:

### PREAMBLE

### *EXPERIENCED AND WONDERFUL TEACHER THROW AWAY LIKE TRASH*

*Plaintiff is a teacher at Defendant Eanes ISD. Notwithstanding Plaintiff's stellar reputation and years of experience with Defendant, Defendant has pursued a deliberate path of harassment and retaliation of Plaintiff that has resulted in Plaintiff being physically harmed with no meaningful educational prospects available to Plaintiff within Defendant Eanes ISD. Following a well-planned and implemented path to force Plaintiff to resign, Defendant Eanes ISD is ready to merely throw Plaintiff into the garbage. Left with no recourse, Plaintiff seeks redress of this Court for equitable relief and damages.*

1

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

## A.  <u>NATURE OF THE SUIT</u>

1.      Plaintiff Jane (defined hereafter) is a female. Jane has been an educator of the highest standard for years, until Defendant EanesISD (defined hereafter) decided to push Jane to the breaking point because of her age and in retaliation for Jane's fighting for better working conditions for teachers of Defendant.

2.      Plaintiff Jane has attempted all formal and informal efforts to resolve the issues set forth herein, but has been repeatedly blocked by Defendant EanesISD. Jane has been left with no choice but to file this Complaint for damages and equitable relief.

3.      Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

      (a)    42 U.S.C. §§6101 *et seq*., being the Age Discrimination in Employment Act of 1967, as amended;

      (b)    42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

      (c)    Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011);

      (d)    29 U.S.C. §§2601 *et seq.*, being the Family and Medical Leave Act;

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

(e)     42 U.S.C. § 1983 with regards to:

(i)     Defendant's violations to the laws of the United States;

(ii)    Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

(iii)   Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution; and

(f)     Defendant's actions in violations of provisions of the Texas Constitution

## B.   **PARTIES**

4.     Plaintiff "**JANE EANESISD-VK DOE**" ("Jane") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the continued, real, and ongoing threat of further retaliation by Defendant, Jane is hereby exercising Jane's rights to proceed with this matter anonymously.

5.     The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jane's privacy prevails.

3

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

6.     At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed.

7.     Defendant **EANES INDEPENDENT SCHOOL DISTRICT** ("EanesISD") is a public school district operating in the State of Texas as a political subdivision of the state of Texas. Defendant EanesISD may be served with process herein by personal delivery to EanesISD's Superintendent of Schools as follows:

**Eanes Independent School District**
**Attn: Tom Leonard**
**601 Camp Craft Road**
**Austin, Texas 78746**

## C.  JURISDICTION and VENUE

8.      The original  jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

(a)     42 U.S.C. §§6101 *et seq*., being the Age Discrimination in Employment Act of 1967, as amended (the "ADEA");

(b)     42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991("Title VI");

(c)     Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011) (the "ADA");

(d)     29 U.S.C. §§2601 *et seq.*, being the Family and Medical Leave Act (the "FMLA");

(e)   42 U.S.C. § 1983 ("Section 1983") with regards to:

    (i)   Defendant's violations to the laws of the United States; and

    (ii)   Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution; and

    (iii)   Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

(a)   Defendant's actions in violations of provisions of the Texas Constitution

This Court may further exercise supplemental jurisdiction over plaintiffs' claims arising under Texas law pursuant to 28 U.S.C. § 1367.

9.   Venue is proper in the Western District of Texas (Austin Division) because Defendant EanesISD operates its schools in, and from, Austin and Travis County, Texas, which is also where the underlying events occurred.  Austin and Travis County are within the Western District of Texas.

## C. FACTUAL ALLEGATIONS

### *Who is Plaintiff Jane?*

10.   Plaintiff Jane is a female teacher of extraordinary abilities and talents who has been an educator with Defendant EanesISD literally for years.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

11.     Plaintiff Jane has a written contract ("Contract") as an educator with Defendant Eanes ISD.

12.     Defendant EanesISD receives grants and other funds from the United States government.

13.     Plaintiff Jane is over forty (40) years of age.

### *Jane's concerns of working conditions.*

14.     In addition to being a stellar educator, Plaintiff Jane has also been vocal with concerns as to the poor working conditions and pay ("Dissent") that Jane, and Jane's colleagues, are continually confronted with.

15.     As time progressed, Defendant EanesISD grew tired of the Dissent being expressed by Plaintiff Jane.

### *Defendant EanesISD's plans to force Jane out.*

16.     Defendant EanesISD (working through the administrators subsequently referenced herein and others) decided to retaliate against Plaintiff Jane's Dissent and began concocting and implementing various plans and schemes designed to try and coerce Plaintiff Jane into resigning as an employee from EanesISD.

17.     Such plans and schemes were also implemented against Plaintiff Jane, and other employees of Defendant EanesISD, who had reached the age of forty and could be replaced by young, cheaper, and certainly less skilled educators.

6

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

18.    "Round One" of Defendant EanesISD's efforts to force Plaintiff Jane out centered around false and ridiculous allegations that Plaintiff Jane had touched a student.[1]

19.    Pushing the Round One efforts, Defendant EanesISD sought to have the Contract with Plaintiff Jane non-renewed. Although the Board rejected the efforts by Defendant EanesISD to end the Contract with Plaintiff Jane, the Board did nothing to stop the ongoing scheming to get rid of Jane.

20.    "Round Two" of Defendant EanesISD's efforts to force Plaintiff Jane out included a reassignment of Plaintiff Jane away from the middle school students who benefited from Jane's experience and effort, to a new high school position.

21.    Such reassignment placed Plaintiff Jane physically in harm's way and subsequently resulted in Jane being physically impacted to the point that Jane became physically and emotionally injured ("Disabilities"). Notwithstanding Plaintiff Jane's Disabilities, Defendant EanesISD has continued to push Jane to the breaking point, again, with the singular hope that Jane would resign.

22.    "Round Three" of Defendant EanesISD's efforts to force Plaintiff Jane out centered around the handling of various grievances and complaints ("Grievances") filed by Plaintiff Jane as to the foregoing Round One and Round

---

[1] The alleged touching of a student never included any accusation, implication, or even rumor that such touching was of a romantic nature.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

Two efforts.

23.     Although the public policies adopted by the Board provide for specific protocols to be followed as to the review of the Grievances, including a final presentation to, and review by, the Board, Defendant EanesISD took all steps necessary to deny Jane the right to present the Grievances to the Board.

24.     "Round Four" of Defendant EanesISD's efforts to force Plaintiff Jane out center around Defendant EanesISD's cavalier and improper treatment of Jane and Jane's Disabilities.

### *Harm to Jane.*

25.     For the purposes of this matter, Defendant EanesISD's acts and omissions comprising the forgoing referenced Round One, Round Two, Round Three, and Round Four efforts to get rid of Plaintiff Jane shall be collectively referred to hereafter as the "Civil Rights Violations."

26.     Plaintiff Jane has suffered severe physical, emotional, and economic harm as a result of the Civil Rights Violations committed by Defendant EanesISD and shall suffer future physical, emotional, and economic harm.

8

27.    The Civil Rights Violations committed by Defendant as to Plaintiff Jane were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Jane would follow Jane for the rest of her life, constituting conscious indifference by Defendant EanesISD.

28.    Plaintiff Jane has identified herein certain of the individuals participating in Defendant EanesISD's Civil Rights Violations of Plaintiff Jane. Discovery should enable Jane to identify more particularly which of these individuals were involved in such acts as well as other individuals involved in the Civil Rights Violations committed against Jane.

29.    Defendant EanesISD's Civil Rights Violations have caused Plaintiff Jane to suffer economic harm, including without limitation insufficient pay, lost pay, and medical expenses.

30.    Defendant EanesISD's Civil Rights Violations were committed intentionally, with actual malice, reckless disregard, and intentional indifference toward Jane.

31.    Texas law deems Plaintiff Jane's Contract to create a property interest that Jane holds.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

### *Defendant's Action Under the Color of State Law.*

32.     The following individuals, who at all material times were employees, agents, and representatives of Defendant EanesISD, committed, assisted in the commission of, and/or knew about and failed to correct the Civil Rights Violations of Plaintiff Jane:[2]

      (a)     Tom Leonard, Superintendent

      (b)     Laura Lee, Executive Director of Human Resources;

      (c)     Kathleen Sullivan, Principal, Hill Country Middle School;

      (d)     Nicolle Gee, Assistant Director of Human Resources; and

      (e)     Allyson Collins, General Counsel.

33.     The referenced administrators and employees, participating in Defendant EanesISD's Civil Rights Violations as to Plaintiff Jane, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant EanesISD when committing the Civil Rights Violations of Plaintiff Jane.

---

[2] The job descriptions for these individuals were those during the material times of the events made the basis of this lawsuit, and may or may not be their current positions with Defendant EanesISD.

**PLAINTIFF'S ORIGINAL COMPLAINT**

10

tpg 2019.05.17

34.     Further, if such policies are not, in fact written, each of the administrators participating in Defendant EanesISD's Civil Rights Violations as to Plaintiff Jane were implementing the policies and customs of Defendant EanesISD in accord with the customs and practices of Defendant EanesISD.

35.     Based on reports presented to Defendant EanesISD's board of trustees ("Board"), the Board was aware of the ongoing Civil Rights Violations directed at Plaintiff Jane by Defendant EanesISD, yet the Board did nothing. As the Board is the ultimate policy maker of Defendant EanesISD, the Board, therefore, ratified and condoned EanesISD's agents' Civil Rights Violations of Jane.

36.     Defendant EanesISD's Civil Rights Violations against Plaintiff Jane represent actions of complete and deliberate indifference to Jane.

### *Administrative Remedies.*

37.     There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendant EanesISD have shown that such efforts would be futile.

38.     As a result of Defendant Eanes ISD's Civil Rights Violations targeted at Plaintiff Jane, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

39.     All conditions precedent to Plaintiff Jane bringing these claims have been met.

### E.  PLAINTIFF'S CAUSES OF ACTION

40.     Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: VIOLATION OF THE ADEA

41.     Defendant EanesISD's Civil Rights Violations against toward Plaintiff Jane, *supra*, were committed, in part, because Plaintiff Jane was over the age of forty.

42.     Defendant EanesISD's Civil Rights Violations committed against Plaintiff Jane based upon Jane's age are violations of the ADEA.

43.     Plaintiff Jane has suffered actual and consequential damages as a direct and proximate result of EanesISD's violations of the ADEA, for which Jane now sues.

### COUNT TWO: VIOLATION OF TITLE VI

44.     Defendant EanesISD is an entity receiving grants and funds from the United States government. Therefore, the provisions of Title VI also govern EanesISD.

45.     Defendant EanesISD's Civil Rights Violations committed against Plaintiff Jane, *supra*, are also violations of Title VI because Title VI governs EanesISD.

47.   Without limitation and in addition to the foregoing, Defendant EanesISD denied Plaintiff Jane's right to procedural and substantive due process, and equal protection under the law, in violation of the Fourteenth Amendment to the United States Constitution.

48.   Without limitation and in addition to the foregoing, Defendant EanesISD's Civil Rights Violations denied Plaintiff Jane's right to freedom of expression, to assemble peaceably, and to petition for a redress of grievances, in violation of the First Amendment to the United States Constitution.

49.   Defendant EanesISD's denial of Plaintiff Jane's statutory and Constitutional rights violate Title VI.

50.   Plaintiff Jane has suffered actual and compensatory damages as a direct and proximate result of EanesISD's violations of Title VI, for which Jane now sues.

## COUNT THREE: VIOLATION OF THE ADA

51.   As a public school district locally operating as a political subdivision in the State of Texas that receives grants and other funding from the United States, Defendant EanesISD falls under the jurisdiction and requirements of the ADA.

52.   As mandated by the ADA, Defendant Eanes is prohibited from discriminating against persons having been diagnosed with various disabilities.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

53.     Defendant EanesISD Civil Rights Violations against Plaintiff Jane, *supra*, were committed, in part, because of Jane Disabilities. Without limitation, EanesISD (a) failed to maintain and control its operations and the actions of its personnel within EanesISD with the result that Jane suffered Disabilities, and (b) failed to make reasonable accommodations to Jane when Jane notified EanesISD of such Disabilities, irrespective of the cause of Jane's Disabilities.

54.     Defendant EanesISD's Civil Rights Violations with respect of Jane's Disabilities are violations of the ADA.

55.     Defendant EanesISD's Civil Rights Violations against Plaintiff Jane in violation of the ADA have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

56.     Defendant EanesISD's Civil Rights Violations against Plaintiff Jane in violation of the ADA have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

**PLAINTIFF'S ORIGINAL COMPLAINT**

## COUNT FOUR: VIOLATION OF THE FMLA

57.     Defendant EanesISD's Civil Rights Violations of Plaintiff Jane denied Jane the protections of Jane's employment, including without limitation paid medical leave, as required by the FMLA.

58.     Defendant EanesISD's refusal to do so is a violation of the FMLA.

59.     Plaintiff Jane has suffered actual and consequential damages as a direct and proximate result of Defendant EanesISD's violations of the FMLA, for which Jane now sues.

## COUNT FIVE: SECTION 1983 VIOLATIONS

60.     As a public school district locally operating as a political subdivision in the State of Texas that receives grants and other funding from the United States, Defendant EanesISD falls under the jurisdiction and requirements of the Section 1983.

61.     Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

62.    Defendant EanesISD's Civil Rights Violations were committed against Plaintiff Jane under the color of law and resulted in the violation of Plaintiff Jane's rights under the United States Constitution and other federal laws.

63.    Specifically, Defendant EanesISD's Civil Rights Violations were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

(a)    the ADEA;

(b)    Title VI;

(c)    the ADA;

(d)    the FMLA;

(e)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jane's Property Rights;

(f)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights;

(g)    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights; and

(h)    Jane's freedom of speech rights guaranteed by the First Amendment to the United States Constitution.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

64.     Defendant EanesISD's  Civil Rights Violations of Plaintiff Jane  in violation  of  Section 1983 have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 1983.

65.     Defendant EanesISD's  Civil Rights Violations against Plaintiff Jane in  violation  of  Section 1983 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 1983.

66.     Plaintiff Jane also seeks equitable relief to which Plaintiff Jane is entitled by Section 1983, including but not being limited to:

    (a)    requiring Defendant EanesISD to cease and desist from any further Civil Rights Violations against Plaintiff Jane; and

    (b)    expungement from the files of Defendant EanesISD of all materials reflecting negatively on Plaintiff Jane.

## COUNT SIX: VIOLATIONS OF THE TEXAS CONSTITUTION

67.     As a public school district locally operating as a political subdivision in the State of Texas, Defendant EanesISD's actions are also subject to scrutiny of protections created by the Texas Constitution.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

68.     Defendant EanesISD's Civil Rights Violations against Plaintiff Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's' rights under the Constitution of the State of Texas.

69.     Specifically, Defendant EanesISD's Civil Rights Violations committed towards Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

      (a)     the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

      (b)     the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;

      (c)     the equal protection requirements of the Texas Constitution found in Article I, Section 3; and

      (d)     the freedom of speech requirements of the Texas Constitution found in Article I, Section 8.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

70.     Defendant EanesISD's Violations of the Texas Constitution as to Plaintiff Jane have caused Plaintiff Jane to suffer a loss of benefits and created economic losses.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

71.    Defendant EanesISD's  Violations of the Texas Constitution as to Plaintiff Jane  have caused Plaintiff Jane to suffer mental and emotional distress and damages.

72.    Although Plaintiff Jane, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant EanesISD's Violations of the Texas Constitution as to Plaintiff Jane, Plaintiff Jane does seek the equitable relief to which Plaintiff Jane is entitled by Texas jurisprudence, including but not being limited to:

(a)    requiring Defendant EanesISD to cease and desist from any further Civil Rights Violations against Plaintiff Jane;

(b)    expungement from the files of Defendant EanesISD of all materials reflecting negatively on Plaintiff Jane.

## COUNT SEVEN: PUNITIVE AND/OR LIQUIDATED DAMAGES

73.    Various of the statutes that were violated as a result of Defendant EanesISD's Civil Rights Violations permit the recovery of exemplary and/or liquidated damages by Plaintiff Jane in an amount sufficient to punish EanesISD for such misconduct and to deter similar misconduct in the future.

74.    Defendant EanesISD's Civil Rights Violations against Plaintiff Jane in violation of the ADEA were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to the ADEA, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

75.   Defendant EanesISD's Civil Rights Violations against Plaintiff Jane in violation of the Title VI were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to the Title VI, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

76.   Defendant EanesISD's Civil Rights Violations against Plaintiff Jane in violation of the ADA were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to the ADA, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

77.   Defendant EanesISD's Civil Rights Violations against Plaintiff Jane in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

pursuant to Section 1983, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

## COUNT EIGHT: POST JUDGMENT INTEREST

78.     Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## COUNT NINE: ATTORNEYS' FEES

79.     Plaintiff Jane should be awarded Jane's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.     REQUEST FOR JURY

80.     Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jane be granted the equitable relief be granted; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; all costs of Court be taxed against Defendant; and that Plaintiff Jane

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17

have such further and other relief, general and special, both at law or in equity, to which Jane may show herself to be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By:_____
          Terry P Gorman, Esq.
          Texas Bar No. 08218200
          tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JANE EANESISD-VK DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.05.17