# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JANE EANESISD-VK DOE § <br> § <br> v. § <br> § <br> EANES INDEPENDENT § <br> SCHOOL DISTRICT § <br> § | Case No. A-19-CV-00538-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before this Court are Defendant EISD's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss, filed on June 13, 2019 (Dkt. No. 4); EISD's Motion to Require Plaintiff to Proceed in her Real Name, filed on June 18, 2019 (Dkt. No. 6); and the parties' respective responses and replies. On August 5, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

Plaintiff Kristen Marie Vengler, formerly referred to in this action as Jane Doe ("Plaintiff"), is an educator over the age of forty, employed under a written contract ("Contract") with Defendant Eanes Independent School District ("EISD").

Plaintiff's Complaint initially stated that she intended to proceed anonymously. Dkt. No. 1 at ¶ 4. In response to EISD's Motion to Require Plaintiff to Proceed in her Real Name (Dkt. No. 6), Plaintiff stated that she no longer asserts any objection to using her true name. Dkt. No. 11 at ¶ 2.

1

Plaintiff requested that the style of this cause be amended to incorporate her name, Kristen Marie Vengler. *Id.* at ¶ 4. Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Require Plaintiff to Proceed in her Real Name be **DISMISSED AS MOOT** and Plaintiff's true name substituted in the style in this case.

Plaintiff's Complaint alleges that in retaliation for her "vocal criticism" of poor working conditions and pay, EISD "began concocting and implementing various plans and schemes designed to try and coerce [Plaintiff] into resigning as an employee from Eanes ISD." Dkt. No. 1 at ¶¶ 14-16. Plaintiff alleges that EISD's "ongoing scheming" to get her to resign included attempting to "push her out based on false and ridiculous allegations" that Plaintiff had touched a student inappropriately, though not sexually. *Id.* at ¶ 18. Plaintiff also alleges that EISD attempted to non-renew Plaintiff's Contract, but the Board of Trustees ("Board") for EISD "rejected" the effort. *Id.* at ¶ 19. In addition, Plaintiff avers that EISD intentionally reassigned her from her position at a middle school to a high school position, which put her "physically in harm's way." *Id.* at ¶ 20. According to Plaintiff, the reassignment to the high school position resulted in her "being physically impacted to the point that [Plaintiff] became physically and emotionally injured." *Id.* at ¶¶ 20-21. When Plaintiff tried to present her grievances regarding EISD's actions to the Board, she claims EISD "took all steps necessary" to deny her that right. *Id.* at ¶ 23. Plaintiff also complains that EISD engaged in "cavalier and improper treatment" of her and her alleged disabilities[1] as part of its effort to push Plaintiff "to the breaking point" in hopes that she would resign. *Id.* at ¶¶ 21, 24.

Based on the alleged facts above, Plaintiff filed this lawsuit against EISD, asserting the following claims: (1) age discrimination, pursuant to the Age Discrimination in Employment Act

---

[1] Plaintiff's Complaint refers to physical and emotional injuries she allegedly suffered as a result of her reassignment to the high school position simply as "Disabilities." Dkt. No. 1 at ¶¶ 20-24.

of 1967 ("ADEA"); (2) discrimination under Title II of the Americans with Disabilities Act ("ADA"); (3) violations under 42 U.S.C. § 1983, based on the above statutes and violations of her First and Fourteenth Amendment rights; and (4) violations of the Texas Constitution. *Id*. at ¶ 3.[2]

Plaintiff alleges that she was physically, emotionally, and economically harmed as a result of EISD's actions. *Id*. at ¶ 26. Plaintiff seeks $4 million in damages, post judgment interest, attorneys' fees, and costs. *Id*. at ¶¶ 73-79. Plaintiff further seeks equitable relief, including an order that EISD cease and desist from violating her civil rights and expunge from its files all materials reflecting negatively on Plaintiff. *Id*. at ¶¶ 66, 72.

On June 13, 2019, EISD filed the instant Motion to Dismiss, arguing that Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a cause of action. Dkt. No. 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

---

[2] Plaintiff also asserted claims under Title VI of the Civil Rights Act of 1964 and the Family and Medical Leave Act, but she voluntarily abandoned those claims in response to EISD's Motion to Dismiss. Dkt. No. 12 at ¶¶ 18, 24.

3

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).

When considering a motion to dismiss for failure to state a claim, courts do not look beyond the face of the pleadings or refer to extrinsic evidence. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

EISD's Motion to Dismiss argues the ADEA and ADA claims should be dismissed because Plaintiff failed to exhaust her administrative remedies before filing suit. EISD further argues that Plaintiff's § 1983 claims should be dismissed because Plaintiff failed to plead any violation of her constitutional rights and did not allege facts to support municipal liability. Finally, EISD argues that because Plaintiff has not adequately pled the requisite elements of her claims under the Texas Constitution, those claims should be dismissed as well.

#### A. ADEA Claim

Plaintiff alleges that EISD committed "Civil Rights Violations" against her "in part, because Plaintiff was over the age of forty," thus violating the ADEA. Dkt. No. 1 at ¶ 41. EISD argues that Plaintiff's ADEA claim should be dismissed because Plaintiff has not exhausted her administrative remedies. Dkt. No. 4 at ¶¶ 9-10.

The ADEA provides judicial relief against discriminatory employment practices based on age. 29 U.S.C. § 626(c). As a precondition to bringing an ADEA suit, however, an employee must first exhaust her administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d); *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 378 (5th Cir. 2019) ("To bring a suit under . . . the ADEA, a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies."). Where administrative remedies have not been exhausted, dismissal is proper. *See Johnson v. Pointe Coupee Par. Police Jury*, 261 F. App'x 668, 670 (5th Cir. 2008) (finding that because the plaintiff "failed to comply with the statutory requirements for bringing suit under the ADEA," his claim "was not properly before the district court" and dismissal was proper).

Plaintiff has not alleged that she has satisfied the ADEA's precondition to filing suit by filing a charge of discrimination with the EEOC. On the contrary, Plaintiff's Complaint incorrectly asserts that "[t]here are no administrative remedy preconditions [ ] required prior to seeking relief under the laws being invoked herein." Dkt. No. 1 at ¶ 37. Though Plaintiff asserts that "[a]ll conditions precedent to Plaintiff [ ] bringing these claims have been met," the law is clear that exhaustion of administrative remedies is a mandatory condition precedent to bringing an ADEA claim—one that Plaintiff has not met. *Id*. at ¶ 39. Because Plaintiff has not pled that she has filed a charge of discrimination with the EEOC, Plaintiff has failed to state a plausible claim for age discrimination pursuant to the ADEA.[3]

---

[3] EISD also argues that even if Plaintiff had exhausted her administrative remedies, dismissal is still proper because Plaintiff's Complaint fails to state a prima facie ADEA claim. Dkt. No. 4 at ¶¶ 11-12. Because the Court finds that Plaintiff's failure to file a discrimination charge with the EEOC precludes her ADEA claim, the Court need not address EISD's alternative arguments.

**B.     ADA Claim**

Plaintiff asserts that EISD violated Title II of the ADA by discriminating against her on account of her alleged disabilities. Specifically, Plaintiff alleges that EISD "failed to maintain and control its operations, and the actions of its personnel within Eanes ISD with the result that [Plaintiff] suffered Disabilities," and also "failed to make reasonable accommodations" to Plaintiff when she notified EISD of her disabilities. Dkt. No. 1 at ¶ 53. EISD argues that Plaintiff's ADA claim fails for the same reason her ADEA claim fails: Plaintiff has not filed a discrimination charge with the EEOC as required under the statute. Dkt. No. 4 at ¶ 14.

Title II of the ADA allows individuals with disabilities to sue public entities whose facilities or programs are not accessible to them or for otherwise subjecting them to discrimination because of a disability. 42 U.S.C. § 12132. As with claims under the ADEA, before a plaintiff may file an ADA claim in federal court, she must first exhaust her administrative remedies. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017); *see also Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam) (noting that the ADA incorporates by reference Title VII's administrative procedures requiring that a plaintiff must first file a discrimination charge with the EEOC). As discussed above, Plaintiff has not exhausted her administrative remedies because she has not filed a charge with the EEOC. Plaintiff therefore has failed to satisfy the statutory preconditions to bringing an ADA suit and dismissal is proper.[4]

**C.     Claims Under § 1983**

Plaintiff maintains several claims under 42 U.S.C. § 1983, alleging that EISD violated her rights under the ADEA, ADA, Fourteenth Amendment, and First Amendment. Dkt. No. 1 at ¶ 63.

---

[4] EISD asserts failure to state a prima facie claim as an alternative argument in favor of dismissing Plaintiff's ADA claim. Dkt. No. 4 at ¶¶ 15-17. Again, the undersigned finds that because Plaintiff's failure to comply with the administrative exhaustion requirement necessitates dismissal, the Court need not address EISD's alternative arguments.

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of a right secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Rather than creating substantive rights, § 1983 provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (noting that whether the plaintiff has been deprived of a right secured by the Constitution is a threshold inquiry in a § 1983 claim).

1. **Federal Statutory Claims**

To the extent Plaintiff seeks relief pursuant to § 1983 for EISD's alleged violations of the ADEA and the ADA, those claims must fail because § 1983 may not be used to enforce rights under statutes with their own specific remedial schemes. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989) (holding that "Section 1983 is not an available remedy for the deprivation of a statutory right when the statute itself provides an exclusive remedy for violations of its own terms"). Because the ADEA provides the exclusive remedy for age discrimination and the ADA provides the exclusive remedy for disability discrimination, Plaintiff must pursue claims against EISD for those causes of action pursuant to the processes provided under those respective statutes. *See Johnston*, 869 F.2d at 1574; *Lafleur v. Tex. Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (stating that a violation of the ADEA may not be vindicated under § 1983); *Leeper v. Travis Cty.*, 2018 WL 2452972, at *2 (W.D. Tex. May 31, 2018) (holding ADA's comprehensive enforcement scheme precludes § 1983 claims for violations of Title II). Accordingly, Plaintiff's § 1983 claims alleging violations of the ADEA and ADA are preempted.

## 2. Due Process Claims

Plaintiff also brings § 1983 due process claims. Dkt. No. 1 at ¶ 63. As discussed above, a threshold issue under § 1983 is whether a plaintiff has stated a violation of a constitutional right. *See Hicks v. Dall. Cty. Cmty. Colleges*, 2018 WL 2271174, at *5 (N.D. Tex. Apr. 25, 2018) (dismissing for failure to state a claim where plaintiff did not specify any constitutional right), *report and recommendation adopted*, 2018 WL 2267098 (N.D. Tex. May 17, 2018).

To establish a violation of the Fourteenth Amendment's guarantee of procedural due process, a plaintiff must prove that (1) she was deprived of a life, liberty, or property interest (2) without the process that was due. *Saucedo-Falls v. Kunkle*, 299 Fed. App'x 315, 319 (5th Cir. 2008). To establish a violation of the Fourteenth Amendment's guarantee of substantive due process, a plaintiff must prove that (1) she was deprived of a life, liberty, or property interest (2) in an arbitrary and capricious manner. *Id.* Here, although Plaintiff articulates a protected property interest in her continued employment, Dkt. No. 1 at ¶¶ 11, 31, she fails to allege that EISD deprived her of that interest, as is necessary for a procedural or a substantive due process claim to succeed. *Kunkle*, 299 Fed. App'x at 319; *Giles v. Shaw Sch. Dist.*, 655 Fed. App'x. 998, 1003 (5th Cir. 2016). Plaintiff's Complaint shows that EISD did not terminate her, and, in fact, Plaintiff continues working at EISD to this day. Dkt. No. 1. at ¶ 19. Plaintiff's § 1983 due process claims thus are unsupported by her factual allegations. *See Ashcroft*, 556 U.S. at 678.

In her Response, Plaintiff argues that her due process claims should survive because, although she was not terminated, EISD demoted her to a position where she receives less pay and is "physically and emotionally harmed." Dkt. No. 12 at ¶ 27. Plaintiff's Response further alleges EISD "arbitrarily denied" Plaintiff's right to have the Board hear her grievances in violation of her due process rights. *Id.* at ¶ 32. According to Plaintiff, EISD has acted in an attempt to "obtain a

constructive discharge," though Plaintiff "has elected to remain teaching, under adverse conditions." *Id*. at ¶¶ 29, 35. Even though Plaintiff's explanation of her due process claims in her Response go beyond those facts pled in her Complaint,[5] she still fails to state a due process claim. Plaintiff cannot demonstrate that EISD deprived her of her protected property interest in continued employment because Plaintiff continues to work at EISD. Dkt. No. 12 at ¶ 29.

Based on the foregoing, Plaintiff has failed to state a due process claim which can survive EISD's Rule 12(b)(6) Motion to Dismiss.

### 3. Equal Protection Claim

Plaintiff also asserts an equal protection claim against EISD pursuant to § 1983. Dkt. No. 1 at ¶ 63. EISD moves to dismiss this claim, asserting that Plaintiff failed to allege facts sufficient to support it. Dkt. No. 4 at ¶ 23. To assert an equal protection claim in the context of employment discrimination, a plaintiff must show that she (1) is a member of a protected class, (2) was qualified for the position, (3) was subjected to an adverse employment action, and (4) was treated less favorably because of her membership in that protected class compared to other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *See Giles*, 655 Fed. App'x at 1002.

Here, Plaintiff has not stated a plausible prima facie equal protection claim. Plaintiff's Complaint identifies Plaintiff as a female, over the age of forty, with alleged disabilities, thus asserting her membership in a protected class. Dkt. No. 1 at ¶¶ 10, 13, 21; *Giles*, 655 Fed. App'x at 1002. Plaintiff's Complaint does not, however, satisfy the equal protection requirement to

---

[5] When considering at Rule 12(b)(6) motion, "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019); *see also Lone Star Fund*, 594 F.3d 383, 387 (5th Cir. 2010).

demonstrate that a comparator was treated differently. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (stating that, to sufficiently plead an equal protection claim, plaintiff must establish that the "conduct that drew the adverse employment decision [was] 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions"). Plaintiff vaguely states that EISD implemented "plans and schemes" against her and other employees over the age of forty, Dkt. No. 10 at ¶ 17, but never alleges that any employees who were not members of the protected class were treated more favorably under comparable circumstances. *See Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016). Accordingly, Plaintiff has not established a prima facie equal protection claim against EISD, and dismissal is proper.

### 4. First Amendment Claim

Plaintiff's also alleges that EISD violated her "freedom of speech rights guaranteed by the First Amendment." Dkt. No. 1 at ¶ 63. EISD argues that Plaintiff's Complaint lacks specific factual allegations sufficient to support such a claim. Dkt. No. 4 at ¶ 25.

To establish a § 1983 claim based on a violation of First Amendment rights, a plaintiff must show that: (1) she suffered an adverse employment action; (2) she spoke as a citizen on a matter of public concern; (3) her interest in her speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *Graziosi v. City of Greenville*, 775 F.3d 731, 736 (5th Cir. 2015).

Plaintiff's First Amendment claim fails at the first step because her Complaint fails to sufficiently allege that she suffered any adverse employment action. Adverse employment actions include terminations, refusals to hire, refusals to promote, demotions, and reprimands. *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 221 (5th Cir. 1999). Moreover, courts are "extremely

hesitant to invade and take over in the area of education." *Harris*, 168 F.3d at 220. "'Decisions concerning teaching assignments, pay increases, administrative matters, and departmental procedures,' while extremely important to the person who dedicated his or her life to teaching, do not rise to the level of a constitutional deprivation." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (quoting *Dorsett v. Bd. of Trustees for State Colleges & Univs.*, 940 F.2d 121, 123 (5th Cir. 1991)); *see also Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000).

Although Plaintiff's Complaint states that she was reassigned to a different position at a high school, Plaintiff does not provide enough facts to conclude this transfer rises to the level of an adverse employment action. Dkt. No. 1 at ¶ 21; *Cavazos v. Edgewood Indep. Sch. Dist.*, 400 F. Supp. 2d 948, 957 (W.D. Tex. 2005), *aff'd*, 210 F. App'x 414 (5th Cir. 2006) (stating that the burden is on the plaintiff to present evidence demonstrating that a transfer is equivalent to a demotion, thus constituting an adverse employment action). A transfer can be considered equivalent to a demotion, and thus an adverse employment action, where "the new position proves objectively worse." *Fyfe v. Curlee*, 902 F.2d 401, 404 (5th Cir. 1990); *see also Forsyth v. City of Dall.*, 91 F.3d 769, 774 (5th Cir. 1996) (holding that "a plaintiff's subjective perception that a demotion has occurred is not enough," and the plaintiff must provide objective evidence). Plaintiff's Complaint lacks the factual allegations to support a finding of an adverse employment action. *See Forsyth,* 91 F.3d at 774. In her Response to EISD's Motion to Dismiss, Plaintiff indicates the reassignment also resulted in a pay deduction. Dkt. No. 12 at ¶ 27. As discussed, however, a Rule 12(b)(6) inquiry is limited to those facts alleged in the complaint and its attachments. *Walker*, 938 F.3d at 735. Plaintiff's Complaint does not include sufficient support to establish that her transfer constituted a demotion and thus cannot satisfy the first element of a First Amendment claim.

Even if Plaintiff could establish an adverse employment action, the claim still must fail because Plaintiff's Complaint does not plead facts sufficient to conclude that her speech was "on a matter of public concern." *Graziosi*, 775 F.3d at 736. When examining a First Amendment retaliation claim, courts "will not interfere with personnel decisions 'when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest.'" *Page v. DeLaune*, 837 F.2d 233, 237 (5th Cir. 1988) (quoting *Connick v. Myers*, 461 U.S. 138, 147 (1983)). Whether speech involves a matter of public concern requires "a fact specific analysis." *Harris*, 168 F.3d at 221. Specifically, courts look to "the content, form, and context of the speech." *Id*.

Here, Plaintiff provides virtually no facts regarding the content, form, or context of the speech she alleges underlies her First Amendment claim. Plaintiff's Complaint alleges only that she has "been vocal with concerns as to the poor working conditions and pay" that Plaintiff and her colleagues were confronted with while working for EISD. Dkt. No. 1 at ¶ 14. The minimal facts alleged by Plaintiff do not allow the Court to conduct the "fact specific analysis" to determine whether her speech was in fact on a matter of public concern; thus, her claim fails as to the second element as well. *Harris*, 168 F.3d at 221.

Because Plaintiff has not satisfied the minimal pleading standard for the first two elements of a First Amendment claim, she has not pled a plausible claim on which relief may be granted and EISD is entitled to dismissal.

### 5. EISD Liability Under Section 1983

Even if Plaintiff had alleged a violation of one of the above constitutional rights, her § 1983 claims still must fail because Plaintiff has not shown that any of the EISD officials' actions were done pursuant to an official policy or custom. It is well established that local governments,

municipal corporations, and independent school districts are "persons" subject to liability under § 1983 for violating an individual's federally protected constitutional right. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Monell v Dep't of Soc. Servs.*, 436 US 658, 694 (1978). Municipalities, however, cannot be held liable under § 1983 on based on *respondeat superior*. *Monell*, 436 US at 691. Instead, § 1983 liability can be imposed only where the plaintiff shows: "(1) the constitutional violation was caused as the direct result of the execution of an official 'custom' or 'policy'; (2) the custom or policy was approved or sanctioned by the entity's 'final policymaker'; and (3) the final policymaker acted with 'deliberate indifference' and the custom or policy was the 'moving force' behind the violation." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 US at 694).

Texas law delegates the Board of Trustees "the exclusive power and duty to govern and oversee the management of the public schools of the district." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-48 (5th Cir. 2003) (citing Tex. Educ. Code. § 11.151(b)). School districts can only be bound by a principal or superintendent's action if: (1) policymaking authority was delegated by the Board of Trustees, or (2) the principal or superintendent participated in a well-settled custom that fairly represented official policy, and (3) actual or constructive knowledge of the custom was attributable to the Board of Trustees. *See Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1243 (5th Cir. 1993). Official policy may be found in "written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). To survive a motion to dismiss, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation

. . . cannot be conclusory; it must contain specific facts." *Balle v. Nueces Cty.*, 690 F. App'x 847, 852 (5th Cir. 2017); *see also Groden v. City of Dall.*, 826 F.3d 280, 285 (5th Cir. 2016).

Here, Plaintiff does not allege the Board itself took any action in violation of her rights. Rather, Plaintiff's Complaint identifies several administrators and employees of EISD who allegedly committed the violations. Dkt. No. 1 at ¶¶ 32-35. Specifically, Plaintiff identifies Superintendent Tom Leonard; Executive Director of Human Resources Laura Lee; Principal of Hill Country Middle School Kathleen Sullivan; Assistant Director of Human Resources Nicolle Gee; and General Counsel Allyson Collins (collectively, the "Administrators"). *Id.* at ¶ 32. According to Plaintiff's Complaint, these individuals "are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant Eanes ISD when committing the Civil Rights Violations." *Id.* at ¶ 33. Plaintiff further alleges that because the Board "was aware of the ongoing Civil Rights Violations" and yet "did nothing," the Board "ratified and condoned Eanes ISD's agents' Civil Rights Violations." *Id.* at ¶ 35.

Plaintiff's pleadings are insufficient to establish EISD's municipal liability. Plaintiff has not shown that any of the Administrators' actions were done pursuant to an official policy or custom of EISD. Though her Complaint vaguely refers to "policies and customs of Defendant Eanes ISD," Plaintiff points to no official documentation or source of these policies. *Id.* at ¶¶ 32-35. Plaintiff does not specifically allege what these purported policies or customs are or how they relate to her claims. While Plaintiff alleges in conclusory terms that the Administrators' actions were "in accord with the customs and practices of Defendant Eanes ISD," *id.* at ¶ 34, Plaintiff fails to provide any factual support. Because Plaintiff has failed to assert any facts showing that the EISD Board was the moving force behind any of the actions alleged in this suit, she has failed to allege a § 1983 claim against EISD.

In sum, Plaintiff's federal statutory claims are not properly remedied by § 1983 and her First and Fourteenth Amendment allegations do not rise to the level of constitutional violations. Moreover, Plaintiff fails to demonstrate EISD's municipal liability for any of the alleged claims. Accordingly, the undersigned recommends that Plaintiff's § 1983 claims be dismissed.

### D. Texas Constitution Claims

Finally, Plaintiff brings claims for due process, equal protection, and free speech violations under the Texas Constitution. Dkt. No. 1 at ¶¶ 67-72. Claims of due process, equal protection, and free speech violations under the Texas Constitution generally follow the same review as those brought under federal law. *See Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018) (stating that due process claims under the Texas Constitution are "nearly identical" and "followed contemporary federal due process interpretations"); *Bell v. Low Income Women of Tex.*, 95 S.W.3d 253, 266 (Tex. 2002) (stating that "the federal analytical approach applies to equal protection challenges under the Texas Constitution," so resolution of federal equal protection claim will also resolve State equal protection claim); *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 563 (5th Cir. 2003) (holding that although the Texas Constitution offers broader free speech protections than the First Amendment, where a plaintiff does not make any argument concerning this broader scope, the court analyzes her claims under the United States Constitution).

In the case at bar, Plaintiff's claims under the Texas Constitution for violations of her due process, equal protection, and free speech rights are identical to her § 1983 claims. Accordingly, Plaintiff's state constitutional claims fail for the same reasons discussed above.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** EISD's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (Dkt. No. 4). The undersigned

further **RECOMMENDS** that Defendant's Motion to Require Plaintiff to Proceed in her Real Name (Dkt. No. 6) be **DISMISSED AS MOOT** and the caption of this case modified to "Kristen Marie Vengler v. Eanes Independent School District."

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** November 4, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE